IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **DANA FEDOR, AND ALL OTHERS SIMILARLY SITUATED,** | |
| *Plaintiff*, | |
| v. | Civil Action No. 1:17-cv-00013-LF-KBM |
| **UNITEDHEALTHCARE, INC., and UNITED HEALTHCARE SERVICES, INC.,** | JURY TRIAL DEMANDED |
| *Defendants*. | |

## FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Dana Fedor, brings this collective and class action individually, on behalf of those similarly situated ("FLSA Class Members"), and on behalf of the proposed Rule 23 Class Members ("NM Class Members"), collectively ("Plaintiffs"), to recover overtime compensation from their current or former employers UnitedHealthcare, Inc., and United Healthcare Services, Inc., collectively ("Defendants").

### I.

### SUMMARY

This is a collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*, and a class action brought pursuant to Federal Rule of Civil Procedure 23 and New Mexico Wage Law. Plaintiff worked for Defendants as a "Care Coordinator" in which capacity her primary responsibilities included collecting answers to standardized medical questionnaires from Defendants' participants, inputting answers from those questionnaires into Defendants' automated system, and performing other routine duties as assigned. Plaintiff routinely worked in excess of 40 hours per week, but was not paid overtime for any of the hours she worked in

excess of 40. Instead, Defendants improperly treated Plaintiff, and other similarly situated workers, as "exempt" from the protections and benefits of the overtime provisions of state and federal law.

## II.

## PARTIES

1. Plaintiff Dana Fedor ("Plaintiff") is an individual residing in this Judicial District.

2. The Plaintiff and "FLSA Class Members," are Defendants' current and former "Care Coordinators" who were paid primarily on a salaried basis and whose primary responsibilities included collecting answers to standardized medical questionnaires and inputting answers from those questionnaires into Defendants' automated system.

3. Plaintiff also brings this action as a Rule 23 class action pursuant to New Mexico and equivalent Sate Wage Laws. The New Mexico Class Members consist of Defendants' current and former "Care Coordinators" who were primarily working in New Mexico over the last three years who were paid primarily on a salaried basis and whose primary responsibilities also included collecting answers to standardized medical questionnaires and inputting answers from those questionnaires into Defendants' automated system. ("NM Class Members").

4. Collectively, the FLSA Class Members and NM Class Members are referred herein as "Class Members."

5. Defendant UnitedHealthcare, Inc., is a corporation that may be served with process through its registered agent, C T Corporation System, Inc. at 1010 Dale Street N, St Paul, MN 55117-5603, or wherever it may be found.

6. Defendant United Healthcare Services, Inc., is a corporation that may be served with process through its registered agent, C T Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136, or wherever it may be found.

## III.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

8. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332(d) because this is a class action with an amount in controversy of over $5,000,000.00 exclusive of interest and costs, and at least one Rule 23 Class Member is a citizen from a different state than Defendants. Alternatively, the Court has supplemental jurisdiction pursuant to 28 U.S.C § 1367.

9. Venue is proper because the events forming the basis of the suit occurred in this District.

## IV.

## COVERAGE

10. At all material times, Defendants acted, directly or indirectly, in the interest of employers or joint employers with respect to Plaintiff and the Class Members.

11. At all times hereinafter mentioned, Defendants were employers or joint employers within the meaning of the FLSA, 29 U.S.C. § 203(d) and New Mexico Wage Law.

12. At all times hereinafter mentioned, Defendants have been enterprises, individually and collectively, within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by

any person and in that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.

## ADDITIONAL FACTUAL ALLEGATIONS

15. Defendants have business operations throughout the United States and their annual gross volume of sales made or business done exceeds $500,000.00 per year.

16. Plaintiff worked as a "Care Coordinator" for Defendants within the last three years and until approximately November 25, 2016.

17. In this capacity, Plaintiff's primary duties included making in-home visits to obtain participants' answers to standardized medical questionnaires and inputting data from those questionnaires into Defendants' automated system. Plaintiff's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

18. While a Care Coordinator, Plaintiff handled materials including equipment to conduct medical assessments.

19. Plaintiff routinely worked over 40 hours per week. However, she was not properly paid overtime for all hours worked in excess of 40 hours every week in which she worked. Defendants knew that Plaintiff worked in excess of 40 hours per week and allowed and directed her to do so. Instead, Plaintiff was paid primarily a salary for her work and was not paid overtime pay for her hours of overtime work.

20. Plaintiff is entitled to receive overtime pay for all the hours worked in excess of 40 per workweek. Defendants were aware of the FLSA's minimum wage and overtime requirements, routinely received complaints regarding the excessive hours and insufficient pay from Plaintiff and the Class Members, but chose not to pay overtime.

21. Defendants willfully misclassified Plaintiff and the Class Members as exempt and refused to pay overtime.

22. Defendants also paid non-discretionary bonuses to Plaintiff and the Class Members, which are not included in their regular rates of pay, further depriving them of lawful pay under the law.

## VI.

## COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff and the Class Members performed the same or similar job duties as one another as described in the preceding paragraphs in that the Class Members whose primary responsibilities included collecting answers from participants for standardized questionnaires and inputting data from those questionnaires into Defendants' automated system. Further, Plaintiff and Class Members were subjected to the same illegal pay plan in that they were paid under the same pay plan and were not paid at time-and-one-half their regular rates of pay for hours worked in excess of 40 hours in a workweek. Accordingly, the Class Members victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

24. Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the FLSA Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members. All Class Members, regardless of their precise job

requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

25.     Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime and minimum compensation with respect to Plaintiff and the Class Members.

## VII.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff incorporates all allegations previously made in this Amended Complaint.

27.     Plaintiff brings her class action on behalf of the Rule 23 Class Members.

28.     The Rule 23 Class Members are so numerous that their joinder is impracticable. While the precise number of the Rule 23 Class Members is unknown, it is believed that at least 100 Rule 23 Class Members worked at least one workweek of more than 40 hours in or out of New Mexico over the past three years.

29.     Common questions of law and fact for the Rule 23 Class Members predominate over any questions affecting any individual member, including:

   a. Whether Defendants violated applicable NM Wage Law by misclassifying the Rule 23 Class Members as exempt from overtime protections, benefits, and wages;

   b. Whether Defendants violated applicable NM Wage Law by failing to pay the Rule 23 Class Members overtime compensation for all hours worked in excess of forty in an individual workweek;

   c. Whether Defendants violated applicable NM Wage Law by failing to incorporate all required remuneration, including but not limited to non-discretionary bonuses, to calculate overtime for the Rule 23 Class Members;

   d. The proper measure of damages sustained by Rule 23 Class Members;

      e.   Whether Defendants should be enjoined for such violations in the future.

30.    Plaintiff's claims are typical of those of the Rule 23 Class Members. She and the Rule 23 Class Members (1) were employed as Care Coordinators; (2) worked over 40 hours in at least one workweek in or out of New Mexico over the last two years; (3) were not paid overtime for all overtime hours worked but were paid primarily on a salaried basis; and (4) were denied overtime at a rate of one-and-one half times their regular rates of pay for all of their overtime work.

31.    Plaintiff will fairly and adequately protect the Rule 23 Class Members' interests and have retained counsel experienced in complex wage and hour class action litigation.

32.    This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Rule 23 Class Members, making final injunctive and/or declaratory relief appropriate to the Rule 23 Class Members as a whole.

33.    This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (1) questions or law or fact predominate over any questions affecting individual class members; and (2) a class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because—in the context of wage and hour litigation—individuals lack the financial resources to vigorously prosecute lawsuits against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendants' policies and practices. No apparent difficulties exist in managing this class action. Plaintiff intends to send notice to the proposed Rule 23 Class Members to the extent required by Fed. R. Civ. 23(c).

## VIII.

## FIRST CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

34. During the relevant period, Defendants violated and are violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

## IX.

## SECOND CAUSE OF ACTION: VIOLATION OF NEW MEXICO WAGE LAW

35. Plaintiff and the Rule 23 Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D) ("NM Wage Law"). During the relevant time period, Defendants violated and continue to violate NM Wage Law by employing employees and regularly and repeatedly failing to pay employees for all hours worked and pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the Rule 23 Class Members have suffered and will continue to suffer from a loss of income and other damages. Plaintiff and the Rule 23 Class Members are entitled to their unpaid wages, an amount equal to twice their unpaid wages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are recoverable under New Mexico law.

## X.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff, on behalf of herself and the FLSA Class Members, pray for relief against Defendants as follows in regards to their FLSA collective action claims:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

d. For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

**e.** For an Order granting such other and further relief as may be necessary and appropriate.

WHEREFORE, Plaintiff, individually and on behalf of the Rule 23 Class Members, pray for relief against Defendants as follows in regards to their class action complaint:

a. For an Order Certifying the State Wage Law claims as Class Actions pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as Class Representative under applicable NM Wage Law, and for designation of Plaintiff's counsel as class counsel;

b. For Judgment that Defendants violated relevant NM Wage Law by failing to pay Plaintiff and the Rule 23 Class Members overtime compensation;

c. For an Order awarding Plaintiff and the applicable Rule 23 Class Members all unpaid overtime compensations, an amount equal to twice their unpaid wages as liquidated damages, prejudgment interest and all available penalty wages under applicable State Wage Law;

d. For all costs and attorneys' fees incurred prosecuting this claim, as allowed by law; and

e.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Jay Forester*
**J. DEREK BRAZIEL***
*Co-Attorney in Charge*
Texas Bar No. 00793380
jdbraziel@l-b-law.com
**JAY FORESTER** *
Texas Bar No. 24087532
forester@l-b-law.com
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com
*Admitted to practice in this Court

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

Service of this First Amended Complaint will be made on Defendants with summonses to be issued by the clerk according to the Federal Rules of Civil Procedure.

*/s/ Jay Forester*
**J. FORESTER**