IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| DANA FEDOR, AND ALL OTHERS SIMILARLY SITUATED,<br><br>    *Plaintiff*,<br><br>v.<br><br>UNITEDHEALTHCARE, INC., and UNITED HEALTHCARE SERVICES, INC.,<br><br>    *Defendants*. | Civil Action No. 1:17-cv-00013-MV-KBM<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF'S RESPONSE AND NONOPPOSITION TO STAY

Plaintiff opposes Defendants' request that this matter be dismissed and compelled to arbitration.  However, Plaintiff agrees with the alternative remedy proposed by Defendants.  Specifically, the Court should stay the current case, administratively close it for docket purposes, and allow the Parties to re-open it upon motion after the Supreme Court enters its decision in the consolidated appeals in *Morris*, *Lewis*, and *Murphy Oil*.  *See*, *Epic Systems Corp. v. Lewis*, No. 16-285 (U.S.); *Ernst& Young v. Morris*, No. 16-300 (U.S.); *NLRB v. Murphy Oil USA, Inc.*, No. 16-307 (U.S.).

Defendants' Motion to Dismiss asks this Court to dismiss Plaintiff's FLSA collective action (and state law class action) and compel Plaintiff and the individuals who have joined this case to individual arbitration.  The FLSA permits employees to bring collective actions on "behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b). The NLRA provides, "employees shall have the right to…engage in…concerted activities for the purpose of…mutual aid or protection." 29 U.S.C. § 157. Employers may not "interfere with,

restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title." 29 U.S.C. § 158(a)(1).

Defendants' arbitration agreements with the current case participants contain class-killer clauses which preclude their ability to proceed in this wage and hour litigation collectively. Plaintiff contends FLSA collective actions are protected, concerted activity under the NLRA. Defendant contests this assertion. That brings us to the forthcoming decision in *Morris, et al*. Whether an arbitration agreement which requires an FLSA collective action to proceed individually runs afoul of the NLRA is the precise issue being considered in *Morris, et al*. Recently, the Sixth Circuit joined the Seventh and Ninth Circuits in holding that class-killer clauses which preclude FLSA collective actions violate the NLRA and are unenforceable. *Nat'l Labor Relations Bd. v. Alternative Entm't, Inc.*, No. 16-1385, 2017 WL 2297620 (6th Cir. May 26, 2017). That makes the score 3-3 with the Second, Fifth, and Eighth circuits holding that class killer arbitration agreements which preclude FLSA collective actions do not impact rights under the NLRA. See, *Murphy Oil U.S.A., Inv. V. NLRB*, 808 F.3d 1013, 1020 (5th Cir. 2015); *D.R. Horton, Inc. v. NLRB*, 737 F.3d 344 (5th Cir. 2013); *Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 297 n.8 (2d Cir. 2013); *Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1052 (8th Cir. 2013); *Cellular Sales of Missouri, LLC v. Nat'l Labor Relations Bd.*, 824 F.3d 772 (8th Cir. 2016).

Rather than rehash and restate the arguments and authorities supporting Plaintiff's view in opposition to Defendants' Motion, Plaintiff refers the Court to the arguments and authorities in *Morris, Lewis*, and *Alternative Entertainment,* and incorporates them by reference here as if fully set forth. While Defendants may want this Court to make a decision on the class waiver / NLRA issue, it is unnecessary and would be a waste of judicial resources for the Court to do so at this time. Consequently, Plaintiff opposes such a request and agrees that a stay is appropriate.

A district court has the discretionary power to stay proceedings before it as the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Pace v. Merck & Co., Inc.*, CIV 04-1356MCA/ACT, *1 2005 WL 6125457 (D. N.M. Jan. 10, 2005) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). A stay would fairly balance the competing interests of the parties. Defendants would not be forced to litigate a collective/class action in federal court when they have sought not to do so and may have that right. Plaintiff would not be required to suffer the violation of her protected rights under the NLRA when she may have that right.

A stay is a win-win, and other courts are implementing such stays. *Rittmann v. Amazon.com Inc.*, No. C15-1554-JCC, 2017 WL 1079926 (W.D. Wa. March 22, 2017) (granting motion to stay pending Supreme Court's decision in *Lewis*); *McElrath v. Uber Techs.*, Inc., No. 16-CV-07241-JSC, 2017 WL 1175591, at *5 (N.D. Cal. Mar. 30, 2017) (same); *Price-Simms, Inc. v. NLRB*, No. 15-1457 (D.C. Cir. Jan. 23, 2017) (ordering case removed from oral argument calendar and held in abeyance pending the Supreme Court's disposition of *Lewis, Morris*, and *Murphy Oil*); *Hoot Winc, LLC, et al. v. NLRB*, No. 15-72839 (9th Cir. Jan. 17, 2017) ("Submission of this appeal is deferred pending resolution of *Ernst & Young, LLP v. Morris, cert. granted*, 2017 WL 125665 (U.S. Jan. 13, 2017), and further order of this court."); *Lewis v. Epic Systems Corp.*, No. 3:15-cv-82 (W.D. Wisc. Feb. 8, 2017).

Plaintiff therefore requests that the Court stay this case until the Supreme Court decides the issue in *Morris, et al.*

Respectfully submitted,

*/s/ J. Derek Braziel*
**J. DEREK BRAZIEL**
Texas Bar No. 00793380
jdbraziel@l-b-law.com
**JAY FORESTER**
Texas Bar No. 24087532
forester@l-b-law.com
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record through the Court's ECF system as of the date file-stamped thereon.

*/s/J. Derek Braziel*
**J. DEREK BRAZIEL**