**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DANA FEDOR, and all others
similarly situated,

        Plaintiffs,

v.                                  Civ. No. 17-13 MV/SCY

UNITEDHEALTHCARE, INC. and
UNITED HEALTHCARE SERVICES, INC.,

        Defendants.

## ORDER REGARDING ATTORNEYS' FEES

      This matter comes before the Court on Plaintiffs' Motion for Attorneys' Fees.[1] Doc. 128.

On April 15, 2025, the Court entered a Memorandum Opinion and Order granting Plaintiffs'

Motion for Sanctions. Doc. 126. In that Order, the Court awarded Plaintiffs their reasonable

attorneys' fees and expenses incurred between October 4, 2023 and February 28, 2024 in seeking

to obtain a complete class list from Defendants and ordered Plaintiffs to file a motion for

attorneys' fees and expenses, including supporting affidavits and documentation. *Id.* at 16.

Accordingly, on April 25, 2025, Plaintiffs filed their Motion for Attorneys' Fees, attaching the

declaration of attorney Travis Hedgpeth and billing records. Docs. 128, 128-1. The motion

requests attorneys' fees in the amount of $15,900: 26.5 hours for Mr. Hedgpeth at a rate of $600

an hour. In response to this motion, Defendants note that, "[w]hile [they] do not believe that fees

should be awarded, they have no objection to the hourly rate or hours sought by Plaintiff." Doc.

130 at 1.

---

[1] In entering this Order, the Court withdraws its Order of Reference. Doc. 129.

Even though Defendants do not object to the fees requested, the Court must determine whether they are reasonable before ordering their payment. "To determine a reasonable attorneys fee, the district court must arrive at a 'lodestar' figure by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate." *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995). The lodestar "produces a presumptively reasonable fee that may in rare circumstances be adjusted to account for the presence of special circumstances." *Anchondo v. Anderson, Crenshaw & Assocs., L.L.C.*, 616 F.3d 1098, 1102 (10th Cir. 2010).

Looking first at the hours that Plaintiffs' counsel spent as reflected in the billing records, the Court finds that the amount of time spent (26.5 hours) is reasonable. Indeed, while the billing records include time spent by paralegal Katie Turk, Plaintiffs do not include that time in their request for fees.

Turning to the hourly rate, "[t]o determine what constitutes a reasonable rate, the district court considers the prevailing market rate in the relevant community." *Lippoldt v. Cole*, 468 F.3d 1204, 1224 (10th Cir. 2006) (internal quotation marks omitted). The Court must review "evidence of the prevailing market rate for similar services by lawyers of reasonably comparable skill, experience, and reputation in the relevant community." *Id*. at 1224-25. "The establishment of hourly rates in awarding attorneys' fees is within the discretion of the trial judge who is familiar with the case and the prevailing rates in the area." *Lucero v. City of Trinidad*, 815 F.2d 1384, 1385 (10th Cir. 1987); *Jane L.*, 61 F.3d at 1510 ("The setting of a reasonable hourly rate is within the district court's discretion.").

Here, Plaintiffs request $600 an hour for Mr. Hedgpeth, explaining that he has 15 years' experience, including "significant experience representing salaried managed care employees in misclassification cases." Doc. 128-1 ¶¶ 3, 5. Even for an experienced attorney, the Court finds

$600 an hour to be higher than the prevailing rate in New Mexico. A review of hourly attorneys'

fees allowed in New Mexico indicates that $400 an hour, even for experienced attorneys working

on complex cases, is at the high end of fees awarded. *See, e.g.*, *Albuquerque Pub. Sch. Bd. of*

*Educ. v. Cabrera*, No. 20-CV-531, 2023 WL 6295499, at *4 (D.N.M. Sept. 27, 2023) ($300 per

hour); *Rael v. Aldridge, Hammar & Wexler, P.A.*, No. 22-CV-446, 2023 WL 3648986, at *2

(D.N.M. May 25, 2023) (reducing an hourly rate from $450 to $300 per hour); *Magana v.*

*Goodyear Tire & Rubber Co.*, No. 22-CV-379, 2023 WL 11806494, at *1 (D.N.M. Mar. 10,

2023) ($400 per hour); *Hunter's Precision Constr. & Roofing, Inc. v. United Methodist Ins. Co.,*

*Inc.*, No. 22-CV-00483, 2022 WL 17669225, at *1 (D.N.M. Dec. 14, 2022) ("The $350- to $400-

per-hour rates claimed are reasonable because while marginally higher than expected, they fall

within the local range of hourly rates."); *Salazar v. Green Square Co., LLC*, No. 21-CV-542,

2022 WL 1492577, at *11 (D.N.M. Mar. 16, 2022) ($295 per hour for an attorney with 13 years

of experience), *report and recommendation adopted*, 2022 WL 1115271 (D.N.M. Apr. 14,

2022); *New Mexico Found. for Open Gov't v. Corizon Health*, 460 P.3d 43, 53 (N.M. Ct. App.

2020) ($400 is "high end of the market range" but reasonable). Indeed, in a previous case in this

District, Mr. Hedgpeth requested an hourly rate of $600 and his colleague requested an hourly

rate of $450 an hour, which the Court reduced to a "blended rate" of $425 an hour.[2] *Pruess v.*

*Presbyterian Health Plan, Inc.*, No. 19-CIV-629, 2022 WL 796370, at *9 (D.N.M. Mar. 16,

2022).

---

[2] Plaintiffs speculate that, "taking in account disparate rates originally requested by the two attorneys ($600 for Mr. Hedgpeth and $450 for the associate), . . . the blended rate implies an hourly fee of $510 per hour for attorney Hedgpeth." Doc. 128 at 3. The court in *Pruess* offered no such explanation, instead noting that "attorneys' fees in New Mexico are generally somewhat lower than fees in neighboring states, and that rates in the $300-350/hr range are typical." 2022 WL 796370, at *11 (D.N.M. Mar. 16, 2022).

3

Plaintiffs also argue that Mr. Hedgpeth's hourly rate of $600 is reasonable as it has been awarded in other districts. Doc. 128 at 3. However, the Tenth Circuit has instructed that the hourly rate is calculated for the relevant community "even when the lawyers seeking fees are from another area." *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983), *disapproved of on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 718 n.4 (1987). The Tenth Circuit reasoned that, "[a]bsent more unusual circumstances than we see in this case," local communities have attorneys competent to handle civil rights litigation. *Id.* Similarly, it is this Court's experience that the New Mexico bar has attorneys equally capable of handling sophisticated wage and hour class action litigation.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Attorneys' Fees (Doc. 128) is **GRANTED IN PART**. The Court will award an hourly rate of $400 for the requested 26.5 hours, for a total award of $10,600.00. Defendants shall pay this amount within 30 days of the entry of this Order.

DATED this 25th day of August 2025.

_____
MARTHA VAZQUEZ
Senior United States District Judge

4